UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                      CASE NO.: 8:20-cr-343-SCB-MRM

EURICH Z. GRIFFIN, III
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Eurich Z. Griffin, III's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which the Undersigned construes as a motion for leave to proceed on appeal *in forma pauperis* under 28 U.S.C. § 1915 and Rule 24(a) of the Federal Rules of Appellate Procedure. (*See* Doc. 138). More specifically, Defendant seeks leave to appeal "a Final Judgment entered on July 21, 2022," *in forma pauperis*, which is without pre-payment of fees or costs. (*See id.*; Doc. 137 at 2). The Undersigned has carefully reviewed the Emergency Notice of Appeal, (Doc. 137), and the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), (Doc. 138). Based upon that review, the Undersigned recommends that the presiding United States District Judge **DENY without prejudice** Defendant's construed motion.

### LEGAL STANDARDS

"Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern[] the determination of applications to proceed *in forma pauperis* on appeal" and require that the motion to proceed *in forma pauperis* be filed in the district court.

*United States v. Jones*, No. 8:02-cr-122-T-24EAJ, 2018 WL 3323167, at *1 (M.D. Fla. Feb. 27, 2018) (citation omitted).  More specifically, Rule 24(a) provides, in relevant part, that:

> [a] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

Fed. R. App. P. 24(a).  Section 1915 of Title 28 of the United States Code similarly authorizes any federal court to allow an indigent person to prosecute, defend, or appeal a suit without prepayment of costs, unless the appeal is not taken in good faith:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).

Put simply, for a party to appeal *in forma pauperis*, the party must (1) show an inability to pay or have previously been found to be indigent and (2) bring an appeal in good faith. *See Jones*, 2018 WL 3323167, at *1; *see also* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1), (3).

Good faith requires that the appeal present a nonfrivolous question for review. *Cruz v. Hauck*, 404 U.S. 59, 62 (1971). Thus, an appeal is frivolous if the party has little or no chance of success, *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993), or if the appeal is "without arguable merit either in law or fact," *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). A good-faith determination, therefore, "necessitates an inquiry into the appeal's merits." *United States v. Catalano*, No. 8:04-cr-348-T-24TGW, 2010 WL 11519651, at *1 (M.D. Fla. Mar. 1, 2010) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948)).

## ANALYSIS

Defendant pleaded guilty pursuant to a plea agreement to Count One of the indictment, which charged him with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. (*See* Doc. 96; Doc. 102). He was sentenced to fifty-seven months imprisonment and three years supervised release, as well as ordered to pay restitution in the amount of $1,645,787.42. (Doc. 135). Defendant then filed an Emergency Notice of Appeal stating that he was appealing "a Final Judgment entered July 21, 2022," (*see* Doc. 137 at 2), which the Undersigned understands to be an appeal of the sentence, (*see* Doc. 135). At the same time, Defendant filed an

Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which the Undersigned construes as a motion for leave to proceed *in forma pauperis* on appeal. (Doc. 138). The Undersigned considers Defendant's construed motion below.

Upon review of the docket, the Undersigned finds that Defendant satisfies the first requirement to proceed *in forma pauperis* on appeal because he was previously found to be unable to obtain an adequate defense in a criminal case. (*See* Doc. 8 (appointing the Federal Public Defender)). Thus, Defendant may appeal *in forma pauperis*, unless the appeal is not taken in good faith. *See* Fed. R. App. P. 24(a); *see also* 28 U.S.C. § 1915(a)(3).

Upon review of Defendant's construed motion and his Emergency Notice of Appeal, the Undersigned finds that neither demonstrates that his appeal is taken in good faith because neither specifies the basis of his appeal. (*See* Docs. 137, 138). Rather, the Emergency Notice of Appeal broadly states that Defendant is appealing "a Final Judgment entered July 21, 2022," without providing any further discussion as to the basis of the appeal. (Doc. 137 at 2). Thus, the Undersigned finds that Defendant has failed to state a cognizable basis to reduce or vacate the sentence imposed. (*See id.*).

Defendant's failure to articulate the basis of his appeal is particularly problematic here because, as part of his plea agreement, Defendant waived his right to appeal his sentence, except as to specific grounds. (Doc. 96 at 12). Thus, unless Defendant seeks to appeal on the ground that the sentence (1) exceeds the applicable

4

Sentencing Guidelines range as determined by the Court; (2) exceeds the statutory maximum penalty; or (3) violates the Eighth Amendment to the Constitution, Defendant's appeal would be frivolous because it would be barred under the plea agreement. (*See id.*). Because Defendant articulated none of those grounds as the basis for the appeal, the Undersigned finds that Defendant failed to show any factual or legal error that would entitle him to redress at the appellate level. *See United States v. Salazar Torres*, No. 8:08-cr-12-T-23TGW, 2012 WL 13113990, at *1 (M.D. Fla. Oct. 9, 2012) (denying a motion to appeal *in forma pauperis* because the defendant failed to assert any of the bases specified in the plea agreement as the grounds for the appeal).

Moreover, to the extent Defendant seeks to appeal the nature of his sentence, Defendant has not articulated a plausibly meritorious basis for doing so. Instead, upon independent review, the Undersigned finds the sentence to be within the maximum sentence for the crime of conviction. *See* 18 U.S.C. § 371; (*see also* Doc. 96 at 1). Additionally, upon review of Defendant's plea agreement, the Undersigned finds that Defendant was or should have been aware of the potential sentence for at least three reasons. First, the plea agreement set forth the maximum sentence. (*See* Doc. 96 at 1). Second, Defendant's plea agreement clarified that the Court was not bound to accept any recommended downward departures to the Sentencing Guidelines. (*Id.* at 4). Finally, Defendant's plea agreement specified that "[t]he defendant underst[ood] and acknowledge[d] that . . . [his] sentence w[ould] be

5

determined solely by the Court, with the assistance of the United States Probation Office." (*Id.* at 11-12).

Ultimately, the Undersigned finds that Defendant has not provided sufficient information to allow the Court to determine whether the appeal is taken in good faith, especially given Defendant's plea agreement. (*See* Docs. 137, 138). Accordingly, the Undersigned finds that the Court cannot, at this time, determine whether Defendant may appeal *in forma pauperis*. Nevertheless, given Defendant's *pro se* status and because he has otherwise satisfied the first requirement to proceed on appeal *in forma pauperis*, the Undersigned recommends that Defendant be given another opportunity to show that his appeal is taken in good faith. Thus, the Undersigned recommends Defendant's construed motion to appeal *in forma pauperis* be **DENIED without prejudice**.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which the Undersigned construes as a motion for leave to proceed *in forma pauperis* on appeal, (Doc. 138) be **DENIED without prejudice**.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on August 10, 2022.

_____
Mac R. McCoy
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties